**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

OCT 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50505 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00951-AJB-1 |
| v. | |
| LAZARO LIMON-JUVERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted August 26, 2014
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and GLEASON,
District Judge.[**]

Lazaro Limon-Juvera appeals his jury conviction for being a deported alien

found in the United States in violation of 8 U.S.C. § 1326.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

## I

The district court did not abuse its discretion when excluding evidence of Limon-Juvera's Tohono O'odham membership and in determining that it was "speculative," "not reasonable," and raised "a 403 issue." *See* Fed. R. Evid. 403; *United States v. Espinoza-Baza*, 647 F.3d 1182, 1189–90 (9th Cir. 2011).

## II

Limon-Juvera had also raised two issues regarding his sentence, but was released from custody on July 25, 2014 and has since affirmatively waived such arguments. Accordingly, we dismiss the sentencing challenges as moot.

## III

We remand this case for the district court to correct the judgment to reflect that Limon-Juvera was found guilty following a jury trial rather than pursuant to a guilty plea.

**AFFIRMED IN PART, DISMISSED IN PART, AND REMANDED FOR CORRECTION OF JUDGMENT.**

FILED

OCT 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLEASON, District Judge, concurring in part, dissenting in part:

I join Part II of the majority disposition, dismissing the sentencing challenges as moot.

In Part I, the majority holds that the district court did not abuse its discretion when it precluded Limon-Juvera from introducing certain evidence. I respectfully dissent from that portion of the Court's determination.

At trial, the Government's proof on the element of alienage was limited to Limon-Juvera's admissions of citizenship to agents and in prior proceedings. Following the Government's case, Limon-Juvera sought to introduce evidence that in proceedings before an immigration judge in 2011 he had claimed to be a United States citizen.[1] The district court denied Limon-Juvera's request, holding that the proposed evidence had "the potential for undue consumption of time . . . prejudice to the Government's case . . . [and] lack[ed] true relevance to the issue in dispute."

"The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense" and "to put before a jury evidence that might influence the determination of guilt." *United States v. Evans*, 728 F.3d 953, 959 (9th Cir. 2013) (internal quotation marks omitted). To that end, "[d]efendants are

---

[1] The immigration court found that Limon-Juvera had not established citizenship.

largely free to put on whatever relevant evidence they wish in an attempt to create reasonable doubt about an element of the offense in the mind of the jury, without meeting any burden of production or proof." *United States v. Sandoval-Gonzalez*, 642 F.3d 717, 723 (9th Cir. 2011). Indeed, a criminal defendant is "entitled to exploit weaknesses in the prosecution's case" even when he does not have a good faith belief in the factual validity of his defense. *United States v. Hernandez-Meza*, 720 F.3d 760, 765 (9th Cir. 2013).

"[B]y the statute's plain terms, alienage is a core element of the § 1326 offense." *Sandoval-Gonzalez*, 642 F.3d at 722. Here, the Government's proof on alienage consisted solely of Limon-Juvera's prior admissions. In barring Limon-Juvera from introducing his previous assertion to the contrary, the district court excluded what was effectively Limon-Juvera's only defense to the charge. *See Evans*, 728 F.3d at 965 ("A decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question." (Quoting *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012).)). Given our precedents, I would hold that it was error to bar Limon-Juvera from presenting evidence to rebut the government's reliance on his prior admissions.

Because we have held that barring a defendant from challenging an element of the charged crime is structural error, I would reverse and remand for a new trial.

2

*See United States v. Smith-Baltiher*, 424 F.3d 913, 922-23 (9th Cir. 2005); *see also*

*Evans*, 728 F.3d at 966.